SUMMARY ORDER

Yuan Qin Li, a native and citizen of the People’s Republic of China (“China”), *319 seeks review of the March 20, 2008 order of the BIA denying his motion to remand and affirming the June 16, 2006 decision of Immigration Judge (“IJ”) George Chew, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Yuan Qin Li, No. A98 880 378 (B.I.A. Mar. 20, 2008), aff'g No. A98 880 378 (Immig. Ct. N.Y. City Jun. 16, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of this case.
When the BIA does not expressly adopt the IJ’s decision, but its brief opinion closely tracks the IJ’s reasoning, we may consider both the IJ’s and the BIA’s opinions for the sake of completeness. Wangchuck v. DHS, 448 F.3d 524, 528 (2d Cir.2006). We review the agency’s factual findings under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); see also Manzur v. U.S. Dep’t of Homeland Sec., 494 F.3d 281, 289 (2d Cir.2007). We review de novo questions of law and the application of law to undisputed fact. See, e.g., Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
Li has waived any challenge to the agency’s conclusion that he did not suffer past persecution. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 545 n. 7 (2d Cir.2005). Absent past persecution, an applicant may establish eligibility for asylum by showing that he subjectively fears persecution on account of a protected ground and that his fear is objectively reasonable. See Ramsameachire v. Ashcroft, 357 F.3d 169, 178 (2d Cir.2004). The agency reasonably concluded that Li failed to establish a well-founded fear of future persecution. He admitted that he was never arrested or detained by Chinese authorities and continued to practice Christianity in China after his church was destroyed. Moreover, the agency found that the objective reasonableness of Li’s fear of persecution was undermined by the fact that his family members, who are also Christian, remain unharmed in China. See Melgar de Torres v. Reno, 191 F.3d 307, 313 (2d Cir.1999). In light of the latter finding, we see no merit in Li’s argument that he established a pattern or practice of persecution of Christians in China. See id.; see also Mufied v. Mukasey, 508 F.3d 88, 92-93 (2d Cir.2007).
Since Li failed to demonstrate a well-founded fear of persecution, the agency properly denied his application for asylum and withholding of removal. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006). Additionally, the agency properly denied CAT relief: Li is not entitled to such relief based solely on the fact that he is one of many persons who have illegally departed China. See Mu Xiang Lin v. U.S. Dep’t of Justice, 432 F.3d 156, 160 (2d Cir.2005).
Finally, the BIA reasonably concluded that Li’s new evidence did not demonstrate prima facie eligibility for asylum. The experiences of immigrant Christians in New York City was largely irrelevant to his fear of persecution in China. Therefore, the BIA did not abuse its discretion in denying his motion to remand. See Li Yong Cao v. U.S. Dep’t of Justice, 421 F.3d 149, 156-57 (2d Cir.2005); Kaur v. BIA, 413 F.3d 232, 233 (2d Cir.2005).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).